UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| URIEL GONZALEZ,<br><br>           Petitioner,<br><br>     v.<br><br>PAUL D. BRAZELTON, Warden,<br><br>           Respondent. | No. CV 13-4053-PA (PLA)<br><br>**ORDER DISMISSING SUCCESSIVE PETITION WITHOUT PREJUDICE** |

Petitioner initiated this action on June 6, 2013, by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (the "Petition") in this Court. The Petition purports to challenge a sentence imposed in the Los Angeles County Superior Court on April 24, 2013. (Petition at 2). It appears that petitioner lists April 24, 2013, as his sentencing date because on that date, the Los Angeles County Superior Court amended his abstract of judgment, finding that his credits in case number PA038714 had been calculated incorrectly. (See Petition at 2 & Ex. A). PA038714 is the case number relating to petitioner's 2001 attempted murder conviction, however, which he challenged in an earlier habeas petition in this Court -- in Case No. CV 11-8690-PA (PLA) (the "2011 Petition"). (See Case No. CV 11-8690-PA (PLA), Petition; Lodged Document A2). Further, in both the 2011 Petition and the instant Petition, petitioner lists the same offense underlying his conviction (i.e., attempted murder), provides the same California Court of Appeal case numbers

appealing the challenged conviction, and states that the court of appeal denied his direct appeal on August 7, 2002. (Compare Case No. CV 11-8690-PA (PLA), Petition at 2-3 with Petition at 2-3). It therefore appears that the instant Petition challenges the same conviction and sentence as those challenged in his 2011 Petition. It further appears that the instant Petition does not challenge petitioner's sentence as recently recalculated, as the claims raised therein attack the validity of his original 2001 conviction and sentence (see infra), and not the recent recalculation of his credits and its impact on his length of confinement. The 2011 Petition was dismissed with prejudice as untimely pursuant to the Judgment entered on February 12, 2013, and petitioner's Motion to Alter or Amend the Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure was denied on May 21, 2013. (See Case No. CV 11-8690-PA (PLA), Docket Nos. 52, 67).

A habeas petition is second or successive if it raises claims that were or could have been adjudicated on their merits in a previous petition. McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009); see also Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam). "A disposition is 'on the merits' if the district court either considers and rejects the claims or determines that the underlying claim will not be considered by a federal court." McNabb, 576 F.3d at 1029. Because a dismissal of a prior habeas petition for untimeliness "presents a 'permanent and incurable' bar to federal review of the underlying claims," the Ninth Circuit has held that "dismissal of a section 2254 habeas petition for failure to comply with the statute of limitations renders subsequent petitions second or successive." Id. at 1030.

The Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA") provides that a claim presented in a second or successive federal habeas petition that was not presented in a prior petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and

>     convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B).

Furthermore, "[b]efore a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

In his 2011 federal habeas challenge, petitioner raised three claims challenging his 2001 conviction: (1) Petitioner "was denied effective assistance of counsel when counsel failed to object to hearsay evidence of petitioner being the shooter"; (2) "[t]he evidence was insufficient to support the jury verdicts of attempted murder of Ricardo Olquin [and] David Ochoa"; and (3) there is insufficient evidence to support the findings that the attempted murders were willful, deliberate, and premeditated.[1] (See Case No. CV 11-8690-PA (PLA), Report and Recommendation at 3-4). As mentioned above, the action was dismissed with prejudice as untimely. (See Case No. CV 11-8690-PA (PLA), Order Adopting Findings, Conclusions, and Recommendation of United States Magistrate Judge; Judgment). A certificate of appealability was denied by this Court on February 12, 2013.

In the instant Petition, petitioner again challenges his 2001 conviction, and asserts the same three grounds for relief. (See Petition Attachment at 1-73). Because petitioner's earlier federal petition was denied as untimely under AEDPA's statute of limitations, the instant Petition is considered to be a second or successive application. McNabb, 576 F.3d at 1030.

In any event, even if it were found that any or all of the claims raised in the instant Petition satisfy 28 U.S.C. § 2244(b)(2)(A) or § 2244(b)(2)(B), petitioner is still required to seek authorization from the Ninth Circuit before filing a successive petition. 28 U.S.C. § 2244(b)(3)(A). Because petitioner has not presented any documentation showing that he has filed in the Ninth Circuit the requisite motion and received the requisite authorization to file a successive petition,

---

[1] The jury found that the attempted murders were committed willfully, deliberately, and with premeditation (Cal. Penal Code § 664(a)). (See Case No. CV 11-8690-PA (PLA), Report and Recommendation at 4 n.3).

3

1  the Court concludes that it is without jurisdiction to entertain the Petition under 28 U.S.C. §
2  2244(b).  <u>Burton v. Stewart</u>, 549 U.S. 147, 153, 127 S.Ct. 793, 798, 166 L.Ed.2d 628 (2007)
3  (AEDPA requires petitioner to receive authorization from the Court of Appeals before filing a
4  second habeas petition); <u>Cooper</u>, 274 F.3d at 1274 ("'When the AEDPA is in play, the district court
5  may not, in the absence of proper authorization from the court of appeals, consider a second or
6  successive habeas application.'").  Absent the requisite authorization from the Ninth Circuit
7  allowing a successive petition, the instant Petition must be dismissed without prejudice.  <u>See</u>
8  <u>Reyes v. Vaughn</u>, 276 F.Supp.2d 1027, 1029-30 (C.D. Cal. 2003) (dismissing successive petition
9  without prejudice to petitioner's right to seek authorization from the Ninth Circuit).

10      IT IS THEREFORE ORDERED that this action be **dismissed without prejudice**.

12  DATED:  June 13, 2013
13                                      HONORABLE PERCY ANDERSON
                                    UNITED STATES DISTRICT JUDGE

4